IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIAN E. WHITAKER,

    Plaintiff,                    No. CIV S-04-1794 FCD GGH P

    vs.

W.N. SADY, et al.,

    Defendants.                <u>ORDER</u>

/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  By order filed on January 12, 2005, plaintiff was directed to complete service of process in accordance with Fed. R. Civ. P. 4, within 60 days.  Plaintiff, who had paid the filing fee in full, had been granted the opportunity, by order filed on December 2, 2004, to submit an in forma pauperis affidavit, within 30 days, so that the court could determine whether he could proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  If so, as he was informed, he would not be assessed any additional filing fee but the court would be able to direct the U.S. Marshal to serve process of his complaint or amended complaint upon any defendant for which service was found appropriate.  Plaintiff did not file an in forma pauperis affidavit or an amended complaint, electing to proceed on his original complaint.  The original complaint was modified by an order filed on March 8, 2005, adopting the court's January 12, 2005 findings and recommendations.

1

1   On January 12, 2005, plaintiff was directed to serve process upon the remaining defendant, W. N. Sady, and a summons for defendant Sady was provided to plaintiff. On April 27, 2005, plaintiff was granted a final opportunity to serve defendant Sady because he had not effected proper service upon him.

Plaintiff was informed that Fed. R. Civ. P. 4(e) provides that service upon individuals within a judicial district from whom a waiver of service has not been obtained may be made by personal service or pursuant to the law of the state in which the district court is located. Because plaintiff did not personally serve defendant Sady, he was required to satisfy California service rules.

Although California law permits service of a summons by mail, such service is valid only if a signed acknowledgment is returned and other requirements are complied with. Cal. Code Civ. Pro. § 415.30.[1] The court issued plaintiff another summons. Thereafter, on May 9, 2005, plaintiff filed a notice that he had complied with the requirements of § 415.30. On June 22, 2005, plaintiff filed a document stating that he had not only complied with the provisions of § 415.30 on April 27, 2005 by placing the requisite forms and documents in the Folsom State Prison mailbox and paying for first class postage, but had also hand-delivered a copy of the summons and complaint to the defendant, although he does not note the date of that action.

---

[1] Cal. Civ. Pro. Code § 415. 30 provides:
"(a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.
(b) The notice specified in subdivision (a) shall be in substantially the following form:
(Title of court and cause, with action number, to be inserted by the sender prior to mailing)
NOTICE
To: (Here state the name of the person to be served.)
This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law... [T]his form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons."

Plaintiff then sought to have defendant Sady served by the U.S. Marshal, although he had never filed an in forma pauperis application. On July 22, 2005, plaintiff filed another letter repeating that he had served defendant Sady by first class mail as well as personally, and included a copy of his trust account to indicate when his account had had the cost of postage drawn against it. The court notes that it is not clear from his filing that the postage charges noted correspond with a date on or near a date plaintiff avers that he served process via first class mail, nor that they include, as he asserts, the requisite first class postage prepaid on a return envelope. However, in these circumstances and although it is extremely belated and the application is incomplete, the court will construe plaintiff's filing of the trust account statement, which covers a five-month period from January to May of 2005, as a request to proceed in forma pauperis and will grant plaintiff's application. No further filing fee will be assessed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted; however, no further filing fee will be assessed as it has been paid in full.

2. Service is appropriate for the following defendant: W. N. Sady.

3. The Clerk of the Court shall send plaintiff one (1) USM-285 form, one summons, an instruction sheet and a copy of the complaint filed August 27, 2004.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 2 above; and

    d. Two copies of the endorsed complaint filed August 27, 2004.

\\\\\

\\\\\

1    5. Plaintiff need not attempt service on defendant and need not request waiver of
2 service. Upon receipt of the above-described documents, the court will direct the United States
3 Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
4 without payment of costs.

5 Dated: 1/6/06                                /s/ Gregory G. Hollows

6                                              GREGORY G. HOLLOWS
                                               UNITED STATES MAGISTRATE JUDGE
7 GGH:009
whit1794.1+

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIAN E. WHITAKER,

      Plaintiff,                           No. CIV S-04-1794 FCD GGH P

vs.

W. N. SADY, et al.,                      NOTICE OF SUBMISSION

      Defendants.                      OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      __1__    completed summons form

      __1__    completed USM-285 form

      __2__    copies of the August 27, 2004 Complaint

DATED:

                                                  _____
                                                  Plaintiff